**SINGH, SINGH & TRAUBEN, LLP**
**MICHAEL A. TRAUBEN** (SBN: 277557)
mtrauben@singhtraubenlaw.com
400 S. Beverly Drive, Suite 240
Beverly Hills, California 90212
Tel: 310.856.9705 | Fax: 888.734.3555

*Attorneys for Movant/Plaintiff*
VÁSTAGO PRODUCCIONES, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VÁSTAGO PRODUCCIONES, LLC, | ) Case No.: 5:24-mc-80047 |
| Movant, | ) **VÁSTAGO PRODUCCIONES, LLC'S MOTION** |
| v. | ) **TO COMPEL GOOGLE LLC'S COMPLIANCE** |
| | ) **WITH SUBPOENA TO PRODUCE DOCUMENTS,** |
| GOOGLE LLC, | ) **INFORMATION, OR OBJECTS** |
| Third Party. | ) |
| VÁSTAGO PRODUCCIONES, LLC, | ) |
| Plaintiff, | ) |
| v. | ) |
| HEAVEN PUBLISHING LLC and MICHAEL RODRIGUEZ, | ) |
| Defendants. | ) |

## I. INTRODUCTION

On November 9, 2023, Vástago Producciones, LLC ("**Vástago**") served a subpoena duces tecum on Google LLC ("**Google**") in connection with a lawsuit pending in the United States District Court for the Southern District of Texas styled *Vástago Producciones, LLC v. Heaven Publishing LLC, et al.*; Case No. 4:23-cv-01432 (the "**Texas Action**"). The subpoena set a deadline of December 4, 2023 and designated Sacramento, California as the place of production. Despite the response deadline having passed more than 2 months ago, and notwithstanding Vástago's multiple efforts to obtain Google's compliance without the necessity of Court intervention, Google has altogether failed and refused to comply with the subpoena without justification.

Accordingly, Vástago has been forced to bring this action to enforce the subpoena.

## II. FACTUAL BACKGROND

On July 18, 2023, Plaintiff/Counter-Defendant Vástago filed its first amended complaint ("**First Amended Complaint**") in the Texas Action wherein Vástago asserted claims against Defendants/Counterclaimants Heaven Publishing ("**Heaven Publishing**") and Michael Rodriguez ("**Rodriguez**") (collectively, "**Defendants**") in connection with a case or controversy between the parties with respect to the authorship and ownership of 75 musical works (the "**Subject Musical Works**"). *See* Declaration of Michael A. Trauben ("**Trauben Decl.**") at ¶¶2-7, Ex. "A".

Within the First Amended Complaint, Vástago alleges that Vástago is the exclusive author and owner of the Subject Musical Works and that, notwithstanding Vástago's exclusive authorship and ownership of the Subject Musical Works, based upon Defendant Rodriguez having made various limited contributions to the Subject Musical Works while working as an employee of Plaintiff Vástago, Rodriguez has recently started to claim to be a co-author and co-owner of the Subject Musical Works. (*Id.* at ¶3).

Vástago further alleges in the First Amended Complaint that, drawing upon this newfound contention that he is a co-author and co-owner of the Subject Musical Works, Rodriguez has purported to enter into an "exclusive administration agreement" with Defendant Heaven Publishing, whereby Heaven Publishing is now claiming to exclusively control and administer Rodriguez's purported ownership interest in the Subject Musical Works. (*Id.* at ¶4).

In turn, Defendants Heaven Publishing and Rodriguez have asserted counterclaims in the Texas Action alleging that Rodriguez was the co-composer of each of the Subject Musical Works, alleging that, in co-composing these works, Rodriguez was not acting within the course and scope of his employment by Vástago but instead was an independent contractor. (*Id.* at ¶5).

Upon information and belief, based upon the copyright ownership dispute between the parties, and despite the continued exploitation of the Musical Works and Sound Recordings on YouTube, for the past several years, YouTube has placed a hold on the distribution of any revenues, income, royalties and/or other monies derived from the exploitation of the Musical Works and Sound Recordings. In addition, YouTube has failed and/or refused to advise and/or disclose to the parties in the Texas Action how much revenue, income, and/or royalties YouTube is holding in connection with the exploitation and monetization of the Musical Works and Sound Recordings.

Accordingly, on or around November 9, 2023, Vástago issued a subpoena duces tecum in the Texas Action to Google requesting, among other discrete categories of documents directly relevant to its affirmative claims in the Texas Action, documents reflecting the "royalties and/or other monies currently being held" by Google "in connection with the Musical Works" and "in connection with the Sound Recordings" (the "**Subpoena**"). (Trauben Decl. at ¶8, Ex. "B").

On November 9, 2023, Vástago caused the Subpoena to be personally served upon Google's registered agent. (*Id.* at ¶9, Ex. "B").

On November 27, 2023, Google served boilerplate objections to the Subpoena via email, stating in conclusory fashion that "Google will not produce documents in response to the Subpoena because the requests are objectionable" (the "**Google Objection**"). (*Id.* at ¶10, Ex. "C").

Concurrent with Google's service of the Google Objection, Google sent an email suggesting a meet and confer teleconference to discuss the Subpoena. (*Id.* at ¶11, Ex. "D"). On the same day, counsel for Vástago responded and proposed multiple times of availability for such a meet and confer teleconference. (*Id.* at ¶12, Ex. "D").

On November 18, 2023, Google wrote counsel for Vástago to confirm a date and time to conduct the meet and confer teleconference, specifically "11:30am PST on Friday, December 1" and further provided "dial-in information to connect." (*Id.* at ¶13, Ex. "D"). On Friday, December 1, 2023 at 11:30

SINGH, SINGH & TRAUBEN, LLP

a.m. PST, counsel for Vastago called the dial-in number to join the confirmed meet and confer teleconference with Google. (*Id.* at ¶14). However, no representative from Google joined the meet and confer teleconference. (*Id.*).

At 11:36 a.m., while remaining on the conference line Google had provided, counsel for Vástago sent an email to Google to advise that no representative from Google had joined the teleconference. (*Id.* at ¶15, Ex. "D"). At or around 11:46 a.m., counsel for Vástago was unilaterally disconnected from the conference line. (*Id.* at ¶16). Immediately thereafter, counsel for Vástago emailed Google again to advise Google of the conference line disconnect and of Google's failure to participate in the meet and confer teleconference. (*Id.*).

On December 10, 2023, Vástago followed-up with Google to both (i) confirm Google's failure to attend the confirmed teleconference; and (ii) request Google's compliance with the Subpoena. (*Id.* at ¶17, Ex. "E"). Google did not respond to this December 10, 2023 email in any respect or capacity. (*Id.* at ¶18).

Thereafter, on January 8, 2024, Vástago again followed-up to advise Google that Vástago would be preparing a motion to compel Google's compliance with the Subpoena. (*Id.* at ¶19, Ex. "D"). Once again, however, Google did not respond. (*Id.* at ¶20).

Accordingly, although Vástago attempted, multiple times, to meet and confer with Google to obtain a response to the Subpoena without Court intervention, based upon Google's wholesale failure and refusal to produce any documents in response to the Subpoena, Vástago has been forced to initiate this action and file this motion.

### III. ARGUMENT

Federal Rule of Civil Procedure 37 provides for the Court to compel a non-party subpoena recipient to disclose relevant documents that it has withheld and order the subpoenaed party to pay the movant's reasonable expenses incurred in making a motion to compel, including attorney's fees. As detailed above, the information sought in the Subpoena is within Google's possession, custody, or control and is highly relevant to the affirmative claims and defenses asserted in the Texas Action.

Specifically, the documents responsive to the Subpoena, which include documents reflecting the "royalties and/or other monies currently being held" by Google "in connection with the Musical Works"

and "in connection with the Sound Recordings," are in Google's sole possession, custody, and control and are directly relevant to all parties' respective accounting claims in the Texas Action.

The Subpoena was properly issued and served upon Google.[1] Nonetheless, Google has failed and refused to produce any responsive documents. Accordingly, Vástago respectfully requests that the Court enter an order compelling Google to comply with the Subpoena, including by producing all responsive documents to the Subpoena within Google's possession, custody, or control, and to pay all Vástago's attorney's fees incurred in connection with the Subpoena, as required by Rule 37(a)(5)(A).

## IV. CONCLUSION

For the foregoing reasons, the Court should compel Google to produce all documents responsive to the Subpoena within seven (7) days and to pay Vástago's reasonable attorney's fees and costs incurred in bringing this motion.

### Certification

The undersigned represents that counsel for the Defendants in the Texas Action have confirmed that Defendants join in and support the relief requested by this Motion to Compel against Google, namely, the enforcement of Vástago's Subpoena against Google (although Defendants do not join in or concur with Vástago's characterizations of the parties' respective allegations, claims, and positions in its moving papers herein).

---

[1] Contrary to the Google's Objection, the Subpoena complied with 100-mile limit in Rule 45(c)(2)(A). Specifically, Rule 45(c)(2)(A) is measured by straight line or "as the crow flies". *H-E-B, LP v. Olympia Tools Int'l, Inc.*, 2021 WL 3171890, at *3 (S.D. Cal. 2021) ("the term 'within 100 miles' means a straight-line distance"); *Sprow v. Hartford Ins. Co.*, 594 F.2d 412, 417–18 (5th Cir. 1979) (100–mile distance under former Fed.R.Civ.P. 4(f) is to be measured "as the crow flies"); *Schwartz v. Marriott Hotel Servs., Inc.*, 186 F.Supp.2d 245, 251 (E.D.N.Y. 2002) (100–mile travel rule of Rule 45 is measured by straight line).

DATED: February 26, 2024               Respectfully submitted,

**SINGH, SINGH & TRAUBEN, LLP**
**MICHAEL A. TRAUBEN**


By:  /s/ Michael A. Trauben
       Michael A. Trauben

*Attorneys for Movant/Plaintiff*
VÁSTAGO PRODUCCIONES, LLC