**SINGH, SINGH & TRAUBEN, LLP**
**MICHAEL A. TRAUBEN** (SBN: 277557)
mtrauben@singhtraubenlaw.com
400 S. Beverly Drive, Suite 240
Beverly Hills, California 90212
Tel: 310.856.9705 | Fax: 888.734.3555

*Attorneys for Movant/Plaintiff*
VÁSTAGO PRODUCCIONES, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VÁSTAGO PRODUCCIONES, LLC,<br><br>   Movant,<br><br> v.<br><br>GOOGLE LLC,<br><br>   Third Party.<br>_____<br><br>VÁSTAGO PRODUCCIONES, LLC,<br><br>   Plaintiff,<br><br> v.<br><br>HEAVEN PUBLISHING LLC and MICHAEL RODRIGUEZ,<br><br>   Defendants.<br>_____ | Case No.: 5:24-mc-80047<br><br>**DECLARATION OF MICHAEL A. TRAUBEN IN SUPPORT OF VÁSTAGO PRODUCCIONES, LLC'S MOTION TO COMPEL GOOGLE LLC'S COMPLIANCE WITH SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS** |

I, MICHAEL A. TRAUBEN, declare as follows:

1. I am an attorney at law duly licensed to practice before the Courts of the State of California and before this Court. I am a partner with the law firm of Singh, Singh & Trauben, LLP, attorneys of record for movant Vástago Producciones, LLC ("**Vástago**"), both in this proceeding and the civil action pending in the United States District Court for the Southern District of Texas styled *Vástago Producciones, LLC v. Heaven Publishing LLC, et al.*; Case No. 4:23-cv-01432 (the "**Texas Action**").

2. On July 18, 2023, Plaintiff/Counter-Defendant Vástago filed its first amended complaint ("**First Amended Complaint**") in the Texas Action wherein Vástago asserted claims against Defendants/Counterclaimants Heaven Publishing ("**Heaven Publishing**") and Michael Rodriguez ("**Rodriguez**") (collectively, "**Defendants**") in connection with a case or controversy between the parties with respect to the authorship and ownership of 75 musical works (the "**Subject Musical Works**"). A true and correct copy of the First Amended Complaint is attached hereto as **Exhibit "A"**.

3. Within the First Amended Complaint, Vástago alleges that Vástago is the exclusive author and owner of the Subject Musical Works and that, notwithstanding Vástago's exclusive authorship and ownership of the Subject Musical Works, based upon Defendant Rodriguez having made various limited contributions to the Subject Musical Works while working as an employee of Plaintiff Vástago, Rodriguez has recently started to claim to be a co-author and co-owner of the Subject Musical Works. *See* Exhibit "A" at ¶8.

4. Vástago further alleges in the First Amended Complaint that, drawing upon this newfound contention that he is a co-author and co-owner of the Subject Musical Works, Rodriguez has purported to enter into an "exclusive administration agreement" with Defendant Heaven Publishing, whereby Heaven Publishing is now claiming to exclusively control and administer Rodriguez's purported ownership interest in the Subject Musical Works. (*Id.*).

5. In turn, Defendants have asserted counterclaims in the Texas Action alleging that Rodriguez was the co-composer of each of the Subject Musical Works, alleging that, in co-composing these works, Rodriguez was not acting within the course and scope of his employment by Vástago but instead was an independent contractor.

6. With Defendants' counterclaims, Defendants also claim that, in his alleged capacity as an independent contractor, Rodriguez was the music producer of sound recordings of both the Subject Musical Works and the songs of various other Vástago recording artists (collectively, the "**Sound Recordings**").

7. All parties assert claims for declaratory relief as to the copyright owners of the Subject Musical Works and assert various claims for an accounting regarding the royalties and income each party has collected in connection with the Subject Musical Works.

8. On or around November 9, 2023, Vástago issued a subpoena duces tecum in the Texas Action to Google requesting, among other discrete categories of documents directly relevant to its affirmative claims and defenses in the Texas Action, documents reflecting the "royalties and/or other monies currently being held" by Google "in connection with the Musical Works" and "in connection with the Sound Recordings" (the "**Subpoena**"). A true and correct copy of the Subpoena is attached hereto as **Exhibit "B"**.

9. On November 9, 2023, Vástago caused the Subpoena to be personally served upon Google's registered agent. *See* Exhibit "B" at 2.

10. On November 27, 2023, Google served boilerplate objections to the Subpoena via email, stating in conclusory fashion that "Google will not produce documents in response to the Subpoena because the requests are objectionable" (the "**Google Objection**"). A true and correct copy of the Google Objection is attached hereto as **Exhibit "C"**.

11. Concurrent with Google's service of the Google Objection, Google wrote my office via email suggesting a meet and confer teleconference to discuss the Subpoena. A true and correct copy of Google's November 7, 2023 email, along with multiple replies, is attached hereto as composite **Exhibit "D"**.

12. On the same day, I responded to Google's email by proposing multiple times of availability for such a meet and confer teleconference. *See* Exhibit "D".

13. On November 18, 2023, Google wrote me to confirm a date and time to conduct the meet and confer teleconference, specifically "11:30am PST on Friday, December 1" and further provided "dial-in information to connect." *See* Exhibit "D".

14. On Friday, December 1, 2023 at 11:30 a.m. PST, an attorney from my office called the dial-in number to join the confirmed meet and confer teleconference with Google. However, no representative from Google joined the meet and confer teleconference.

15. At 11:36 a.m., while remaining on the conference line Google had provided, counsel for Vástago sent an email to Google to advise that no representative from Google had joined the teleconference. *See* Exhibit "D".

16. At or around 11:46 a.m., counsel for Vástago was unilaterally disconnected from the conference line. Immediately thereafter, counsel for Vástago emailed Google again to advise Google of the conference line disconnect and of Google's failure to participate in the meet and confer teleconference. *See* Exhibit "D".

17. On December 10, 2023, I wrote Google via an email to both (i) confirm Google's failure to attend the confirmed teleconference; *and* (ii) request Google's compliance with the Subpoena. A true and correct copy of my December 10, 2023 email to Google is attached hereto as **Exhibit "E"**.

18. Google did not respond to my December 10, 2023 email in any respect or capacity.

19. On January 8, 2024, I wrote Google again to confirm that Vástago would be preparing a motion to compel compliance with the Subpoena. *See* Exhibit "D".

20. Once again, Google did not respond to my January 8, 2024 email in any respect or capacity.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 26th day of February 2024 in Los Angeles County, California.

/s/ Michael A. Trauben
Michael A. Trauben