# EXHIBIT "C"

Google LLC  
1600 Amphitheatre Parkway  
Mountain View, California 94043



google-legal-support@google.com  
www.google.com

November 27, 2023

*Via Email and Express Courier*  
mtrauben@singhtraubenlaw.com

Michael Trauben  
400 S Beverly Dr., Ste 400  
Beverly Hills, California 90212  
310-856-9705

**Re:** *Vàstago Producciones, LLC v. Heaven Publishing LLC and Michael Rodriguez*, United States District Court for the Southern District of Texas, 4:23-cv-01432 (Internal Ref. No. 47263891)

Dear Michael Trauben:

Google LLC ("Google"), a non-party to your litigation, has received your subpoena, dated November 09, 2023, in the above-referenced matter (the "Subpoena"). As we understand it, your Subpoena requests documents related to the YouTube sound recordings identified in Exhibit "1" attached to the subpoena

At this point, however, as set forth more fully in the objections below, Google will not produce documents in response to the Subpoena because the requests are objectionable. Google further hereby makes the following objections to the Subpoena.

**Obligations of Parties to Litigation**

Google objects to the subpoena because it would impose an undue burden to Google, a nonparty to the litigation. See Fed. R. Civ. P. 45(d)(1). All the information available to Google is equally available to the holder of an active account. Since the account in question appears to belong to a party-opponent in the litigation, a third-party subpoena is not justified. See Haworth, Inc. v. Herman Miller, Inc., 998 F.2d 975, 978 (Fed. Cir. 1993) (upholding refusal to enforce subpoena issued to non-party where same documents were available from party opponent); Hasbro, Inc. v. Serafino, 168 F.R.D. 99, 100 (D. Mass. 1996) ("If documents are available from a party," it is "preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness.") (internal alterations and citation omitted); Musarra v. Digital Dish, Inc., No. 2:05-CV-545, 2008 WL 4758699, at *4 (S.D. Ohio Oct. 30, 2008) ("[T]he Court will not impose on this non-party the burden of producing documents presumably available to plaintiffs from a party to this litigation."); Calcor Space Facility, Inc. v. Superior Court, 53 Cal. App. 4th 216, 225 (1997) ("As between parties to litigation and nonparties, the burden of discovery should be placed on the latter only if the former do not possess the material sought to be discovered.").

To the extent these records are sought to verify the completeness or accuracy of discovery from a party to the litigation, the Federal Rules of Civil Procedure do not permit third-party subpoenas for hypothetical impeachment evidence. See, e.g., Cusumano v. Microsoft Corp., 162 F.3d 708, 712 (1st Cir. 1998) (affirming the trial court's denial of a Rule 45 subpoena where the information was sought "for purposes akin to impeachment."); Musarra, 2008 WL 4758699, at *3-4 (rejecting plaintiff's request for non-party discovery to "compare[] and contrast[]" with defendants' production). If you have reason to suspect that another party has not complied with their discovery obligations, you have other means available that do not place an undue burden on a third party. For example, you can request that the other

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

party produce account data while under supervision by the court or by a special master or obtain the services of an e-discovery consultant. See, e.g., Seven Seas Cruises S. De R.L. v. V. Ships Leisure SAM, No. 09-23411-CIV, 2011 WL 772855, at *7 (S.D. Fla. Feb. 19, 2011), report and recommendation adopted, No. 09-23411-CIV, 2011 WL 772902 (S.D. Fla. Feb. 28, 2011) (granting a motion to compel after finding that defendant's production contained significant gaps, and ordering defendant to "retain the services of a qualified third party E-Discovery consultant or vendor and perform a search."). See also Logtale, Ltd. v. IKOR, Inc., No. C-11-05452 CW (DMR), 2013 WL 3967750, at *3 (N.D. Cal. July 31, 2013) (noting "obvious gaps and underproduction," and suggesting that, if there were "continuing problems. . . the court [would] order [defendants] to retain the services of an e-discovery vendor and . . . submit sworn, detailed declarations regarding their document preservation and collection efforts.").

**User Notification**

Google objects to the Subpoena to the extent it fails to allow sufficient time for Google to notify the affected user and for the user to assert his or her rights in response. Google provides its users at least 21 days to object to your request or to inform Google of their intent to file a motion to quash. If your subpoena sufficiently identifies a Google account, Google intends to forward notice of this matter, including your name and contact information, to the user at the email address provided by the user.

**Additional Objections**

1. Google objects to the Subpoena to the extent it seeks to impose an undue burden on a disinterested non-party. Google further objects to the Subpoena to the extent it seeks information already in a party's possession or available to a party from some other source (including public sources) that is more convenient, less burdensome or less expensive. Google objects to the Subpoena to the extent it seeks electronically stored information that is not reasonably accessible to Google.
2. Google objects to the Subpoena to the extent it seeks information that is not proportionate to the needs of the case, not relevant to any party's claims or defenses, or not reasonably calculated to lead to the discovery of admissible evidence.
3. Google objects to the Subpoena to the extent it specifies a date of production that is unreasonable and unduly burdensome, including because it may not afford Google time to provide sufficient notice to the user.
4. Google objects to the Subpoena to the extent that it is vague, ambiguous, unlimited in time or scope, or fails to identify the information sought with reasonable particularity. Accordingly, Google further objects to the Subpoena to the extent it purports to require Google to preserve the requested information. Therefore you should not assume that Google will undertake steps to preserve any information in response to your Subpoena. Google is willing to meet and confer to discuss any preservation request.
5. Google objects to the Subpoena to the extent it seeks to impose obligations on Google beyond what is permissible under applicable law.
6. Non-party Google is located in Santa Clara County, California, which is also where Google resides. Google therefore objects to the Subpoena because it designates a place for compliance that is more than 100 miles from its headquarters. *See* Fed. R. Civ. P. 45(c)(2)(A).
7. Google also objects to the Subpoena to the extent it seeks information containing confidential financial, proprietary or trade secret information, or any information subject to a confidentiality agreement or protective order.
8. Google further objects to the Subpoena to the extent it seeks information protected by any privilege, including the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

Google reserves the right to further object to the Subpoena in any additional response.

If you have any questions, please feel free to contact the undersigned at the Legal Support Department alias at GOOGLE-LEGAL-SUPPORT@GOOGLE.COM. Additionally, should you wish to seek any judicial relief in connection with this matter, Google requests the opportunity to meet and confer in advance of any such filing. Thank you.

    Very truly yours,
    /s/ Patrick Marcus
    Legal Investigations Support